**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SANTOS CARLOS GARCIA AGUILAR,   )   NO. CV 26-3709-AS
                                )
              Petitioner,       )
                                )
        v.                      )   **MEMORANDUM DECISION AND ORDER**
                                )
MARKWAYNE MULLIN, et al.,        )
                                )
              Respondents.      )
_____ )

**I.**

**INTRODUCTION**

On April 7, 2026, Santos Carlos Garcia Aguilar ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); Todd Blanche, Acting United States Attorney General; the Executive Office for Immigration Review; Todd M. Lyons, Executive Associate Director of Enforcement and Removal Operations for the United States Immigration and Customs Enforcement ("ICE"); and David A. Marin, Adelanto ICE Field Office Director (collectively

"Respondents"). (Docket ("Dkt.") No. 1). That same day, Petitioner filed an Ex Parte Application for a Temporary Restraining Order ("TRO") and an Order to Show Cause ("Application") with an accompanying memorandum of points and authorities. (Dkt. No. 3). The Application seeks a TRO "directing Respondents to release [Petitioner] from their custody or to provide him with an individualized bond hearing before an immigration judge [("IJ")] pursuant to 8 U.S.C. § 1226(a) within seven (7) days of issuance of an Order." (Id.).

On April 8, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice") that required Respondents to file a Notice of Appearance within three calendar days and an Answer within seven calendar days of the date of the Notice. (Dkt. No. 5). The Notice also provided that Petitioner could file a Reply within three calendar days after Respondents filed an Answer. (Id.). That same day, the Court issued a separate Order ("Order") requiring Respondents to file their opposition to the Application, if any, by no later than April 10, 2016, and provided that Petitioner could file a Reply by no later than April 14, 2026. (Dkt. No. 6). The Order also stated that "[n]othing in this Order is intended to alter the briefing schedule established in the Notice of General Order 26-05 and Briefing Schedule filed April 8, 2026." (Id.).

On April 10, 2026, Respondents filed a Response to the Application with the Declaration of Brian Patterson ("Patterson Decl.").[1] (Dkt. No.

---

[1] Because Respondents did not file an Answer to the Petition and their time to do so has expired, the Court treats Respondents' Response as both a Response to the Application and an Answer to the Petition.

8).   The Response states that "Respondents are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time.  Notwithstanding, Respondents note Petitioner's criminal history."  (Id.).  The accompanying declaration states that Petitioner has the following criminal convictions: (1) on February 23, 2007, Petitioner was convicted of a misdemeanor violation of California Penal Code § 647(a), soliciting a lewd act, and sentenced to fifteen days in jail; and (2) on July 30, 2010, Petitioner was convicted of violating Cal. Veh. Code § 12500(a), driving without a license, an infraction.  (Patterson Decl., ¶¶ 7-8).   Additionally, Respondents assert that Petitioner was arrested for misdemeanor driving without a license in violation of Cal. Veh. Code § 12500(a) on March 30, 2012, and misdemeanor driving under the influence of alcohol in violation of Cal. Veh. Code § 23152(a) on September 29, 2025.  (Patterson Decl., ¶¶ 9-10).   Respondents do not suggest Petitioner was convicted of these latter two offenses.   Nor do Respondents provide any evidentiary support for their summary of Petitioner's criminal history.   On April 14, 2026, Petitioner filed a Reply to Government Response to Petition for Writ of Habeas Corpus and Ex Parte Application for Temporary Restraining Order ("Reply").  (Dkt. No. 9).  The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (Dkt. No. 10).

## II.

### BACKGROUND

Petitioner is a resident of Camarillo, California, who has lived in the United States since around 2004.   (Petition, ¶¶ 1, 46).   On or

around February 11, 2026, ICE apprehended Petitioner, who is currently detained at the ICE Adelanto Detention Center. (Petition, ¶¶ 2, 47). Thereafter, Petitioner was placed in removal proceedings and charged with having entered the United States without inspection and being present in the United States without immigration documents in violation of 8 U.S.C. §§ 1182(a)(6)(A)(i), 1182(a)(7)(A)(i). (Petition, ¶ 48).

On February 12, 2026, an IJ denied Petitioner's request for release on bond because the IJ considered Petitioner an "applicant for admission."[2] (Petition, ¶ 52).

On April 6, 2026, an IJ denied Petitioner's request for a change in custody status, stating "No jurisdiction per INA section 235(b). 9th Cir. ordered stay of Maldonado-Bautista and the vacatur of Matter of Hurtado, 29 I&N Dec. 216 (BIA 2025) is temporarily stayed." (Petition, Attachment 1). The IJ also stated that, "[i]n the alternative, the Court finds that [Petitioner] is a danger to the community." (Id.).

## III.
### PETITIONER'S CLAIMS

The Petition raises the following grounds for federal habeas relief:

Ground One:    Petitioner was unlawfully denied a proper bond hearing in violation of 8 U.S.C. § 1226(a);

---

[2]   Petitioner did not attach this decision to his Petition, but Respondents do not dispute the accuracy of this statement.

Ground Two:    Petitioner was unlawfully denied bond in violation of the Administrative Procedures Act; and

Ground Three: Petitioner was denied procedural due process when he was denied a *bona fide* bond hearing to determine whether he is a flight risk or a danger to the community.

(Petition at 13-15).

## IV.

## DISCUSSION

Petitioner contends Respondents are improperly treating him as an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b) rather than as detained pursuant to 8 U.S.C. § 1226(a) and eligible for release on bond.[3]   (Petition at 2-3, 13-14).   Petitioner requests the Court issue a writ of habeas corpus requiring Respondents to release him or provide him with a proper bond hearing.  (Petition at 16).

In <u>Bautista v. Santacruz</u>, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), the district court granted a "Motion for Class Certification as to the

---

[3]  As General Order 26-05 makes clear, the scheduling order in this case was "intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a [TRO]." (<u>See</u> Dkt. No. 5 at 5).  In this case, since briefing is complete on both the Petition and Application, the Court addresses the claims raised in the Petition.

Bond Eligible Class" of petitioners, and defined the "Bond Eligible Class" as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231[4] at the time the [DHS] makes an initial custody determination.

Bautista, 813 F. Supp. 3d at 1127 (footnote added).  The Bautista court entered final judgment as to the Bond Eligible Class on December 18, 2025.   Bautista v. Noem, 2025 WL 3678485, *1 (C.D. Cal. 2025). "Ultimately, the final judgment entered in [Bautista] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)."   Uriate v. Mullin, 2026 WL 925724, *2 (C.D. Cal. 2026) (citing Bautista, 2025 WL 3678485 at *1).

---

4  "These three statutes, respectively, govern detention for noncitizens who fall into certain enumerated categories involving criminal offenses and terrorist activities, 8 U.S.C. § 1226(c); for some noncitizens who are 'arriving' in the United States or who have 'not been admitted or paroled into the United States' and cannot show that they have 'been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility,' id. § 1225(b); and for noncitizens subject to a final order of removal, id. § 1231." Mendoza-Rodriguez v. Mullin, 2026 WL 1104774, *2 n.5 (C.D. Cal. 2026).

On February 18, 2026, the Bautista Court issued a post-judgment order vacating the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025).  Bautista v. Santacruz, __ F. Supp. 3d __, 2026 WL 468284, *1-14 (C.D. Cal. 2026).  "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal" and "also administratively stayed the February 18, 2026 Order" vacating Matter of Yajure Hurtado.  Castro v. Johnson, 2026 WL 1104766, *3 (C.D. Cal. 2026) (citing Bautista v. Dep't of Homeland Sec. ("Bautista I"), Ninth Circuit case no. 26-1044, Dkt. 5).  Thereafter, on March 31, 2026, "the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as the they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating [Matter of Yajure Hurtado] is stayed pending appeal."  Vivas v. Santacruz, 2026 WL 1122208, *1 (C.D. Cal. 2026) (citing Bautista I, at Dkt. No. 17); Mendoza-Rodriquez v. Mullin, 2026 WL 1104774, *2 n.4 (C.D. Cal. 2026).  Thus, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California." Vivas, 2026 WL 1122208 at *1; Mendoza-Rodriquez, 2026 WL 1104774 at *2 n.4; Castro, 2026 WL 1104766 at *3.  As such, the December 18, 2025 declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree[,]" 28 U.S.C. § 2201; Castro, 2026 WL 1104766 at *3; Procopio v. Mullin, 2026 WL 1045658, *3 (C.D. Cal. 2026); Herrera v. Lyons, 2026 WL 859172, *3 (C.D. Cal.), report and

recommendation accepted by, 2026 WL 854125 (C.D. Cal. 2026); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("[T]he point of a declaratory judgment 'is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.'" (citation omitted)); Badger Catholic, Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010) (A "declaratory judgment is a real judgment, not just a bit of friendly advice"), and Respondents "are legally obligated to comply with the court's order." Procopio, 2026 WL 1045658 at *3; Castro, 2026 WL 1104766 at *3; Herrera, 2026 WL 859172 at *3; see also Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."); United Aeronautical Corp. v. United States Air Force, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments.").

There is no dispute that Petitioner is a Bautista Bond Eligible Class member. He entered the United States without inspection, he was not apprehended upon arrival, and there is no suggestion Petitioner is subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.[5]

---

[5] Respondents provide no argument in opposition to Petitioner's Petition or TRO Application, but, as discussed above, simply "note Petitioner's criminal history." (Response at 2; see also Patterson Decl., ¶¶ 7-10). Petitioner, on the other hand, maintains he "has no criminal history whatsoever." (Petition, ¶ 50; see also Reply at 2-3 (discussing Petitioner's "alleged" convictions and arguing that "none of the[] alleged crimes would support the conclusion that Petitioner represents a threat to public safety"). For purposes of this opinion, it is not necessary to further explore this issue since Respondents do not contend that either of Petitioner's purported convictions remove him from Bautista's Bond Eligible class.

(See Petition at 2).   "Pursuant to the final judgment entered in [Bautista], 'the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge.'"   Castro, 2026 WL 1104766 at *2 (quoting Bautista, 2025 WL 3678485 at *1); see also Inzuna v. Warden of Adelanto Det. Facility, 814 F. Supp. 3d 1091, 1095 (C.D. Cal. 2026) ("Because Petitioner's . . . Petition alleges facts that place [him] squarely within the definition of the Bond Eligible Class, the Court is compelled to find that [he] is entitled to the relief . . . guaranteed by *Bautista*'s final judgment."); Procopio, 2026 WL 1045658 at *3 ("[I]n accordance with the final declaratory judgment in [Bautista], the court concludes petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2)."); Guzman v. Warden, 2026 WL 922273, *4 (C.D. Cal. 2026) ("Petitioner, a 'Bond Eligible Class' member, is entitled to the relief provided in the Bautista final judgment and the procedural protections that § 1226(a) provides, including a bond hearing.").

However, in this case, Petitioner has already had two bond hearings that failed to comply with Bautista.   Petitioner was initially denied release on bond on February 12, 2026, because he was considered an "applicant for admission." (Petition, ¶ 52).   In other words, despite the Bautista ruling, Petitioner was denied bond under Section 1225(b)(2) and Matter of Yajure Hurtado.   Subsequently, on April 6, 2016, Petitioner was again denied bond after the IJ concluded he lacked

jurisdiction under Section 1225(b)(2) and Matter of Yajure Hurtado.[6] (Petition, Exh. A).   These decisions are "contrary to Respondents' legal obligation to comply with the December 18, 2025 declaratory judgment in [Bautista] and to the extent [the second decision is] based on the Ninth Circuit's . . . stay of [Bautista], it misunderstands the scope of that stay." Castro, 2026 WL 1104766 at *3; see also Rodriguez Vazquez v. Hermosillo, __ F. Supp. 3d __, 2026 WL 102461, *6 (W.D. Wash. 2026) ("A contrary decision by the BIA — which is part of the executive branch — does not override the binding judgment of an Article III Court adjudicating an actual case or controversy between the parties.").   As explained above, the December 18, 2025 declaratory judgment in Bautista has not been stayed within the Central District of California.   Vivas, 2026 WL 1122208 at *1; Mendoza-Rodriguez, 2026 WL 1104774 at *2 n.4; Castro, 2026 WL 1104766 at *3.

"Typically, the remedy afforded to members of the Bond Eligible Class is consideration for a bond hearing under 8 U.S.C. § 1226(a)." Procopio, 2026 WL 1045658 at *3; Bautista, 2025 WL 3678485 at *1.   But

---

[6]   The Court recognizes that the IJ also stated that "[i]n the alternative, the Court finds that [Petitioner] is a danger to the community." (Petition, Exh. A).   But given the IJ's conclusion that he lacked jurisdiction to consider Petitioner's bond request, there is simply no basis to conclude from this single, unsupported statement that Petitioner received an individualized bond hearing pursuant to Section 1226(a) that complied with the requirements of due process, including, for example, the requirement that "the Government . . . bear the burden of proving by clear and convincing evidence that [Petitioner's] continued detention is justified." Perez v. McAleenan, 435 F. Supp. 3d 1055, 1063 (N.D. Cal. 2020), appeal dismissed by, 2020 WL 8970669 (9th Cir. 2020); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community.").

under the circumstances set forth herein, the Court concludes that ordering Respondents to provide another bond hearing that complies with the December 18, 2025 declaratory judgment in Bautista would be futile. See Castro, 2026 WL 1104766 at *3 ("[T]he undisputed facts here demonstrate that ordering another bond hearing that complies with the December 18, 2025 declaratory judgment in [Bautista] would be futile. In light of the Ninth Circuit's . . . stay of the [Bautista] court's February 18, 2026 Order vacating [Matter of Yajure Hurtado], the Immigration Judge would be required to once again deny bond based on lack of jurisdiction."); Procopio, 2026 WL 1045658 at *3 ("Because some immigration judges continue to rely on *Yajure Hurtado* to deny bond, some courts have found 'that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure would likely be futile.'" (citations omitted)); Kun v. Janecka, 2026 WL 931541, *5 (C.D. Cal. 2026) ("To the extent immigration judges consistently invoke *Hurtado* as governing authority to deny bond in analogous cases, the Court is inclined to agree with Petitioner that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure would likely be futile."). Thus, the Court concludes that immediate release from custody is the only means to provide complete relief to Petitioner. Castro, 2026 WL 1104766 at *3; Procopio, 2026 WL 1045658 at *3.

## V.

## ORDER

Accordingly, it is hereby ORDERED that the Petition (Dkt. No. 1) is **GRANTED**. Respondents shall immediately release Petitioner from immigration custody without the imposition of any restraints on his

liberty, such as reporting requirements, GPS, or electronic monitoring. The Court further ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on April 30, 2026, confirming Petitioner has been released from custody.    Having reached these conclusions, Petitioner's Ex Parte Application for a Temporary Restraining Order (Dkt. No. 3) is **DENIED** as moot.

IT IS SO ORDERED.

DATED: April 28, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE